Mr. Naughton. Good morning, Your Honors, and may it please the Court. Clay Naughton of Lorry Company on behalf of Noble House LLC. Your Honors, this case involves a marine insurance policy that was issued by Lloyds to a motor yacht owned by Noble House LLC. In August of 2018, the Noble House suffered a loss in the Bahamas where her rudder fell away from the vessel and she flooded. She excuse me, work and repairs were performed in both Florida and the Bahamas. Noble House is based and has its office and its principal place of business in Houston, Texas. Lloyds sent a reservation of rights letter in October of 2018. Now, this was not a denial of the claim, but it reserved Lloyds' rights to stay, as far as I'm aware. There has not been any sort of denial, outright denial, of the claim. Now, the policy itself contains two separate choice of law provisions. There's one choice of law provision, the cover note of the policy, and in that cover note it elects United States law. But the cover note also defers to what's in the contract. Well, we can ignore the cover note, it seems to me. Well, what the cover note says is that it's superseded by forms and endorsements. Now, what follows the cover note is a series of pages and these pages include the header that says that all these following documents are incorporated into and made part of the cover note. And this is the issue that creates so much ambiguity, we believe, and what we argued in the district court, was that that U.S. choice of law clause, and that U.S. venue provision that's in the cover note, and also what you have there is a statement that Texas law applies because it's delivered, the policy was delivered as a as a simple middle lines Texas policy, so Texas law applies. And that law provision exists in the cover note, and then you have what follows, and it's a declaration page, and in that declaration page you have a different choice of law provision, which makes UK law and the venue in England the exclusive jurisdiction. So you have these two competing clauses, so as a result after the after the reservation of rights was issued, Noble House filed suit in the Southern District of Florida. The case was dismissed from the Southern District of Florida, amazingly, for lack of personal jurisdiction, because Lloyd's claim couldn't be found there. Why didn't Noble House pursue a claim just as a matter of prudence, pursuant to the other forum clause? It also pursued a claim in England. Well, it seemed to Noble House, presumably, that the judicial resources were not its own resources, would be unnecessarily depleted by filing duplicative actions, and that there may even be issues causing one or both the actions to be dismissed. But now you're confronting an issue of whether the claim is time-barred. If we were to agree with your opponent, you expressed some concerns in the brief that the claim might be time-barred. Well, that's exactly right, Your Honor, and we believe that there are certain provisions of the law, and in the Fifth Circuit in particular, that protect against this sort of situation. Well, let me ask you, first of all, do you concede that your claim is time-barred if it were brought in the courts of England or Wales? Without a waiver, yes. We've been advised that the claim would be time-barred, and that was explicitly argued by the defendants to the district court. Do you have a case where this court has held that a forum selection clause is unreasonable if the action is time-barred in the in that regard, Your Honor? But there have been a number of cases, including a recent 2020 case, Rod Jett, and also an additional case, which I think was in 1991, Fifth Circuit decision, where the court said that it would be improper for a dismissal not to be accompanied with a certain protective language, and that would include things like a return to jurisdiction clause, where Rod Jett actually said it would be per se reversible error for a court to dismiss a claim on forum non-convinced grounds that did not contain a return to forum clause. And the courts also in those generally, when there's a forum non-convinced dismissal, that order includes within it a waiver, an agreement to waive statute of limitations, and a return to jurisdiction clause. But what case would you have us look at to support a circumstance where the selection clause is mandatory and enforceable, and allowed that, basically what you're arguing is that you need an escape hatch on a forum non-convenience argument. There's an escape hatch that I can get back to the court where I originally filed, and so the district court is supposed to provide me with that opportunity. What's the best case we can read? This is a mandatory and enforceable selection clause. That's correct, Your Honor, but in this case, there were two forum selection clauses, and it was, we weren't, there's no gamesmanship, as was pointed out, that could be a possibility. I'll explain why I think that is not an issue, in this case, or could be. But here what you have are two separate forum selection clauses, and a meritorious claim that which the court could de novo review the underlying agreement to determine whether or not there is a valid, or if there is a proper finding by the district court that the clause was not ambiguous. But you have two separate clauses. This is Lloyd's actual insurance form, and there is ambiguity created by the fact that there are only forms and endorsements that are superseding, and in this case, nothing's labeled as a form of endorsement, and instead it's labeled as a declarations page, which has language saying everything's incorporated into the cover. So there is ambiguity here, and it's not just a clear-cut selection clause that we would automatically know we need to go to England. Instead, what we did was we went to the court and tried to determine whether it was the proper form. So if we think the England and Wales selection clause supersedes, is that pretty much the end of your argument? No, I don't think so, Your Honor. If the England and Wales supersedes, what the court can do is ask the, or as remand, and have the court enter an order that is, which says, you can dismiss the claim if you find that the public interest factors, and you do that whole analysis that's required by form non-convenience. If you go through that analysis, the case can be dismissed to England, but only with the normal protections so that a defendant can't just totally avoid adjudicating valid claims, a statute of limitations waiver, and also of a return to jurisdiction clause. In this case, you don't think that the court did consider the three specific Atlanta marine factors? Your Honor, the record is very very thin, I will say, and it does not appear that the court provided the analysis that was required on those various factors. So remand would be So the issues on appeal are, we have three issues on appeal. The first is that the available inadequate alternative form, as the court is aware, the form selection, or the FNs, excuse me, a form selection clause is tested by a form non-convenience argument. The form non-convenience, there are really two considerations, and the first is whether or not there is an adequate alternative form. And on the other hand, there is no adequate alternative form in the UK because the statute of limitations has run. Is that the only reason you're arguing that it's inadequate? You mentioned something earlier in your argument about the state of the court over there. Is there anything in the record that supports that, or is it just, look, our claim might be time-barred, so please don't send us that? Right, no, in general, we do not claim that the form is unfair in the way that the form non-convenience requirements state. However, in this circumstance, it would be unfair because Nobel House would be completely barred from bringing its claim based on the statute of limitations. And that statute of limitations, as is argued by the by the appellee, is nine months, the minimum, would be nine months from the date of the loss. Now in Texas, the strong public policy in Texas is to enforce its laws and to protect its citizens, and there's a Texas statute that requires any policy that's delivered to an inhabitant of the state, which we have here, because Nobel House is a principal place of business in Houston, is covered by that Texas statute. You're touching on my next question, which is, is there a Fifth Circuit case holding that the have not held that it was enforceable based upon the state's public policy? As far as a Fifth Circuit case, I'm not aware of a Fifth Circuit case that does that. However, in other circuits, there have been, there has been a filing. There's a recent case, it actually isn't, that we have not cited, but it was, it's called the Waiters Retreat Realty Company, and that's adverse to Great Lakes Insurance, SSE, where the Third Circuit has found that the public policy of the state of Pennsylvania can be used to overcome influence election laws, not just the general policy of the United States, but a specific state's policy. And that also seems to be the finding of a number of other circuits, the same circuits, that this is the First, Second, and Fourth Circuit, which have all found that as a statute of limitations will bar a claim, then the alternative, in the alternative forum, then the alternative forum is not an adequate forum, and therefore, the case can't be dismissed unless it is also accompanied with those normal protections, including the waiver of a statute of limitations. Why did you file in Texas? Well, we filed in Texas because Noble House is based in that, that is their home office and location, and because the Southern District of Florida, where the vessel was being repaired initially, that's why the case was brought there, was found not to have personal jurisdiction over Lloyds, they argued that they're not. You're suing an instrument, so now you've got a contractual agreement as to, as to the choice of forum. Correct, Your Honor. Ignore that, and file here. So the question is whether the law should be sympathetic to that. Well, Your Honor, the forum selection clause wasn't ignored, but there were two forum selection clauses in this contract, and it was Noble House's position that the existence of these two competing clauses made the choice of law in the marine insurance policy ambiguous, and that that ambiguity, that end of the question. I'm not sure of my own mind. Had limitations run at the time you filed here? If, if you, if you were to enforce the short limitation that the defendants have requested, and yes it would have, the statute of limitations would have passed while the case was being litigated in the Southern District of Florida, because it's only nine months from the date of the actual loss, whereas what Texas law says, and most United States law, actually measures the statute of limitations from the date the claim is denied, because of course, Lloyds still hasn't denied the claim. So right now, they've reserved their rights under, under the, under the contract. So from the date, counting from the date of the loss, you, you, you essentially have to file an anticipatory breach claim, because there has not yet been that breach, as Lloyds is just continuing their investigation in perpetuity, as it turns out, because we still don't have a response yet. So, I don't agree with what's said, but the Whales in England have. And, and Your Honor, and I think the district court found that that was the prevailing, that, that, that, that was the prevailing choice of law clause. However, what we argued, and what, what we requested the court consider, was the fact that there was a U.S. choice of law provision, and a U.S. forum provision, and a Texas law statement saying that the contract was subject to Texas law on the cover note. Only in the declarations page was there this additional clause. And the, of course, the ambiguity that, well, correct. And that policy is, according to the policy itself, and the header, is incorporated into and made part of, quote, the cover note. So you have these two competing clauses where they're merged together, and we would prefer, as, as a noble house is based in Houston, we would prefer to be in the U.S. court subject to U.S. law, rather than go to England, where they have no connection whatsoever, where only Lloyd's has some sort of connection there. So, of course, we had hoped that that ambiguity would be construed in favor of noble house, and that the party, and that the case would be litigated in, in, in the Fifth Circuit. All right. Thank you, Mr. Naughton. You've saved time for rebuttal. Thank you very much. I'm not even going to try on the final citation. I'm sure you'll get used to that. I am, I am very used to it. Thank you, Your Honor. May it please the court. My name is Aaron DeMizwiki. DeMizwiki. It's a little difficult. I'm here with my partner, Charlie Devan, and I have the honor of representing underwriters in this case. Both this court and the Supreme Court have repeated over and over and over again that forum selection clauses should be enforced in all but the most exceptional circumstances. And there's nothing exceptional about this case. This is, at bottom, a run-of-the-mill marine insurance case. There's nothing exceptional about it except how hard noble house has thought to keep this case in the United States, having filed two actions here and now a federal appeal. Noble house ultimately asserts a rule that we're a party. Well, they do, they do make a, a, a colorable argument about the return forum clause and the absence of it here. No, no, Your Honor, I don't think so. I think, I think the cases that involve return jurisdiction clauses that certainly the appellate cites are all cases that involve a, a standard forum non-convenience analysis, not one where, not one where the parties were bound by a forum selection clause. And actually the cases that say that one of the ways that the court can, can accomplish that is with agreements between the parties. And of course the agreement between the parties is why we're here. The parties have already agreed to, to go to England. So, so why was the cover sheet different? Different from what, excuse me? It, it, it, it didn't, it didn't have the same forum selection. Oh, okay. I understand. How does that get by everybody on a, on a, on a Lloyd standards forum? Yeah. So it's actually an interesting question. That cover note page, that page that the appellant relies upon to say that there was a U.S. choice of law clause, was actually not prepared by underwriters. That document was actually prepared by the broker, which is Noble House's own agent. And it just gets stapled basically to the top of the, the declaration page, which is actually the start of the policy. And, and so that's maybe just a broker problem, but that's exactly why that, that cover note says in two different places that it's only evidence of cover and that anything that's inconsistent with those forms, or with that document, supersedes the form because ultimately the policy is key. The policy is the agreement between the parties. That's not strictly speaking in the record, that it was prepared by the broker, but, but that's ultimately what it was. And, you know, I, my opponents spent some time this morning talking about ambiguity. Obviously, I don't think that this clause is ambiguity, is ambiguous at all, excuse me, but, you know, I don't even think the court necessarily has to reach that point, simply because it wasn't raised. It was not briefed in Noble House's initial brief, and so I don't think there's any reason that the court need discuss whether or not this clause is enforceable. The district court held that it was, and that wasn't challenged until the reply brief. It identifies for us specifically what you say was not raised in the opening brief. So there were actually a few things that weren't raised in the opening brief, one of which was the ambiguity of the clause. That was not raised in the opening brief. And the other is the lack of findings on the Atlantic marine factors was also not raised in the initial brief. So although the court did not clearly in either the order or in the hearing specifically go through the Atlantic marine factors, that part of the order has not been challenged on appeal. The only issue that has really been challenged on appeal here is whether or not there is an adequate and alternate form in England, which our position is that's not really the test when there's a form selection clause. And the other is whether the court made adequate findings on the reasonableness factors. But those factors, first of all, the court made adequate findings on three of the four. The last one is sort of left hanging, and I can talk about that this morning. But those issues are reviewed de novo, and so this court can look at the record. This court looks at sparse records all the time on a de novo review, and the court can look at it and decide whether that was ultimately correct. So you're saying we can consider the Atlantic marine factors here on this record? No, I don't. I think the court doesn't have to consider the Atlantic marine factors on this record, because the adequacy of the Atlantic marine factors wasn't briefed in the initial They only talked about the reasonableness factors. Well, so you're arguing waiver. Should we have, should the court have considered those, the district court have considered those, and therefore close now, or should the court have considered them in the first instance? So with the Atlantic marine factors, the order, strictly speaking, should have, I'll concede that, the order should have addressed those factors. I think that if the court were to, I think the worst case scenario would be a affirming on the reasonableness factors and perhaps a limited remand to address the Atlantic marine factors, but I don't think the court needs to do that because that part of the order, or lack thereof, I should say, wasn't briefed on appeal until it was waived. Briefly on the adequate forum, the existence or not of an adequate forum, there's simply no need to make the determination in the context of a forum selection clause. Those adequate forum cases, all of those cases that the plant, that the noble house site's talking about, the adequacy of the forum being inadequate, I should say, when the statute of limitations is run, all of those involve cases in which, in the normal forum non-convenience context, with two exceptions that I can address in a moment, in a normal forum non-convenience case, though, you have two places, maybe three cases, three could have filed suit, and a district court in a normal forum non-convenience analysis is simply looking at which one's best, which one is better, which one is more convenient, where do these factors, where do they all shake out? That simply doesn't exist in a forum non-convenience case, or in a forum selection clause case. In a forum selection clause case, parties already selected what the alternate forum is, and the difficulties in filing in that forum and the statute of limitations can be reasonably foreseen at the time of contracting, and so there's no reason to look at whether the statute of limitations ran as some sort of counterweight, counter-weighing factor in that context, and to do so would merely invite gamesmanship. In the Traficura case that we cited, and in the footnote eight with Atlantic Marine, both this court and the Supreme Court made precisely that argument, that a party otherwise, a rule to the contrary, would allow a litigant who's bound by a forum selection clause to wait out the clock in the pre-selected forum, and then go file where they wanted to file in the first place, and that's not what forum selection clauses are designed to do. Forum selection clauses are designed to protect the interests of the parties. They're designed to allow the parties to decide and enhance where these claims will be brought, and in often cases, and certainly in this case, under what law they'll be brought, and it's simply inconsistent with that policy goal to allow a litigant to do that. There are a few other items that, I'm actually going to skip ahead just a little bit to some of the items that the noble house raised in their initial discussion this morning. The Rodgick case was not a forum selection clause case, so its discussion about return jurisdiction clauses and making adequate findings and the like simply don't apply here. This is a forum selection clause case. The paradigm is completely different. Noble house at all levels has the burden of proving that the cause is unenforceable, and noble house has the burden of showing that the Atlantic marine factor is overwhelmingly favored dismissal, and of course they didn't do either. I heard a few references to underwriters claiming that the statute of limitations was nine a statute of limitations of as little as nine months was enforceable, but the policy at issue in this case, excuse me, actually says two years from the date of the law, so I suppose in some ways then it's not really a statute of limitations so much as it's a statute of repose, but there's still nothing fundamentally unfair about that. Noble house knew about this clause as soon as they got the policy in February of 2018. That's when the policy was issued. They knew about it again, if I can go outside the record for just a second, in the reservation of rights. This forum selection clause was mentioned in the reservation of rights. They knew about it again in the Florida litigation when we moved to dismiss based in part on the forum selection clause, and they knew it again when we filed the motion to dismiss in the southern district of Texas. Over and over and over again, we advised noble house of the existence of this clause and they just chose to go ahead in the United States, and I think equity certainly would not, you know, equity favors the vigilant, and it simply wouldn't make any sense to allow them to avoid the clause on those grounds. Raiders retreat is another, I just wanted to touch on that briefly. Raiders retreat has no bearing here because Raiders retreat was not a forum selection clause case. Raiders retreat was a choice of law case where the court held, the third circuit held that the fundamental policy of Pennsylvania could be considered as potentially countervailing in your choice of law clause. We're not claiming, of course, that Texas public policy couldn't, under some circumstances, jump the forum selection clause, couldn't trump the forum selection clause, but it doesn't here. Texas public policy is, of course, grounded in its case law and its contracts, and there are no Texas cases, and there are no Texas statutes that say that it is against the fundamental policy of Texas to include a forum selection clause. In fact, the Texas Supreme Court has held, much like its federal counterparts, that forum selection clause should be enforced in all but the most exceptional cases. It hasn't drawn a bright line rule for where that line is, but I don't think this case goes over it. The noble house cites two statutes, meanwhile, for its contention that Texas has a fundamental policy in favor of keeping this case in Texas. Of course, neither of them say any such policy, nor do they express any such policy. One is Texas Insurance Code, Section 2142, which says that contracts entered into with Texas residents are governed by Texas law, absent certain circumstances. But of course, it says nothing about choice of forum, and the Texas Supreme Court has said that, that Section 2142 doesn't mark a claim from being brought elsewhere. The other statute is Section 982-305, which says that in an action between a Texas insured and a foreign insurance company, that can't be brought outside of Texas without the insurance consent. Of course, again, the consent is why we're here. The forum selection clause represents that consent. I just want to lastly note, we've spent a lot of time today, and noble house has also spent a lot of time, talking about the statute of limitations. Would that, in every case where I took a legal position, the other side took it as gospel. Nobody, not the court in Texas, not the court in Florida, not the court in England, has decided that the forum selection clause applies, that the statute of limitations, excuse me, has expired. Noble house is well within its rights to go to England and have an English court decide the statute of limitations has expired. They've had an opportunity to do that. The district judge ordered them to file on the appropriate forum. My understanding is that they have, but they haven't actually advanced that litigation at all. And so noble house could have had an answer to this question, potentially by now, and hasn't done so. With that, I think our briefs answer any remaining questions. If the court has any questions, I will sit down. All right. Thank you, Mr. Weeke. All right, Mr. Houghton, excuse me, for rebuttal. Thank you, Your Honor. First, the case I was mentioning was Baras, which is a Fifth Circuit case in 1991, where- Great opinion, right? It was excellent, well-written, where the court indicated that measures should be taken to avoid evasion of jurisdiction. And those include waiving the statute of limitation defenses. So, in addition to Rod Jett, there's this case, which of course, the court's very familiar with. Also, it's worth noting that the, as counsel mentioned, only forms and endorsements supersede the cover note. And what follows, the declarations page, is not indicated to be a form or an endorsement. And all of those pages contain this merger clause. So, it's not like there was just this one single form selection clause with a very clear statute of limitations, like there was in Atlantic Marine, where the court dropped that footnote and said, be aware if there's an unambiguous clause, then you should be wary of that. That was not the case here. In this circumstance, some actual analysis by the court was required to determine what the proper form was. And in Texas, there is a strong public policy. There's a case that we cite that says that the Texas code is a description or is the statement of the public policy of Texas. And the Texas insurance code says that any statute of limitation that's less than two years from the breach, i.e. the denial of the claim, is void. So, in Texas, they don't agree with anything that says nine months from the date of the loss. What they think is a fair and minimum statute of limitations is two years from the date of the breach of that insurance contract. So, we would argue that there is a strong public policy in Texas in protecting the people or companies that are based in Texas, their inhabitants, as they're defined in the Texas code, including Noble House. And that strong public policy would carry over to invalidate a short statute of limitations like this. So, what do you ask this court to do? Your Honor, we'd ask, well, we'd ask the court to do a number of things. And one is to find that the clause is ambiguous, and therefore, we can remain in Texas. Or in the alternative, we may ask for the court to make full findings on the Atlantic Marine issues that don't seem to have really been considered. And if the court does determine that there's an enforceable form selection clause requiring us to go to England, that the court include in its order of dismissal a return to jurisdiction clause and a waiver of the statute of limitations. There's no benefit to Noble House in sitting on its rights and waiting for the statute of limitations to pass. There's no gamesmanship possible where a court enters an order of that type where it does the full analysis of the two forms that are possible. After that analysis, it determines which form is the proper form and requires dismissal of that form with the caveat that, okay, you can't avoid jurisdiction totally by standing on statute of limitations or in some other manner. So, I would ask the court to issue an order in that regard and remain. Thank you, Mr. McMahon. Thank you very much.